**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| United States of America | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | 2:20-cr-00193 AB |
| SEALED | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 19-03 (Related Criminal Cases) |
| DEFENDANT(S). | |

**CONSENT**

I hereby consent to the transfer of the above-entitled case to my calendar, pursuant to General Order 19-03.

_____        _____
Date                                United States District Judge

**TRANSFER ORDER DECLINED**

**DECLINATION**

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth below:

(See attached)

May 5, 2020                         *Christina A. Snyder*
_____        _____
Date                                United States District Judge

**REASON FOR TRANSFER AS INDICATED BY COUNSEL**

Case  2:17-cr-00229 CAS  and the present case:

☒ A. Arise out of the same conspiracy, common scheme, transaction, series of transactions or events; or

☒ B. Involve one or more defendants in common, and would entail substantial duplication of labor in pretrial, trial or sentencing proceedings if heard by different judges.

**Notice to Counsel from Clerk**

**TRANSFER ORDER DECLINED**

On all documents subsequently filed in this case, please substitute the initials _____ after the case number in place of the initials of the prior judge, so that the case number will read _____. This is very important because documents are routed to the assigned judge by means of these initials.

cc: ☐ PSALA  ☐ PSAED  ☐ USMLA  ☐ USMSA  ☐ USMED  ☐ Previous Judge  ☐ Statistics Clerk

CR-59 (03/19)        **ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 19-03 (Related Criminal Cases)**

# **TRANSFER ORDER DECLINATION SUPPLEMENT**

The Court presided over United States v. Cisneros, No. 2:17-cr-00229-CAS (C.D. Cal.), which involved allegations that Felix Cisneros, a U.S. Immigration and Customs Enforcement ("ICE") agent, facilitated the illegal entry of an alien into the United States. The government alleged, *inter alia*, that Cisneros received bribes from Edgar Sargsyan, an attorney. Trial began on April 17, 2018, and the jury reached its verdict on April 23, 2018, convicting Cisneros of several counts and acquitting him of others. On November 5, 2018, the Court sentenced Cisneros to a term of imprisonment of 12 months and 1 day, and Cisneros' appeal to the United States Court of Appeals for the Ninth Circuit remains pending.

On April 27, 2020, the government filed an information against Sargsyan, the attorney mentioned above, commencing the case captioned United States v. Sargsyan, No. 2:20-cr-00190 (C.D. Cal.). The government's information alleges that Sargsyan: (1) conspired to commit bank fraud, in violation of 18 U.S.C. § 1349; (2) giving and offering of a bribe to a public official, in violation of 18 U.S.C. § 201(b)(1)(C); and (3) making false statements, in violation of 18 U.S.C. § 1001(a)(2). The government's information charges Sargsyan with two counts of bribery of a public official: one relating to Cisneros, the ICE agent in the Cisneros action, and the other relating to an agent with the Federal Bureau of Investigation ("FBI"). Sargsyan agreed to plead guilty on April 28, 2020.

On April 28, 2020, the government filed an information in the case captioned United States v. SEALED, No. 2:20-cr-00193 (C.D. Cal.). The government's information charges the FBI agent referenced in the Sargsyan action with accepting a bribe in violation of 18 U.S.C. § 201(b)(2)(C).

The Court has reviewed the facts of the three cases referenced above. While some of the government's allegations that form the basis for the Sargsyan action overlap with some of the government's actions in the Cisneros action, namely that Sargsyan allegedly bribed Cisneros, the Sargsyan action also involves allegations that do not appear to overlap with those in the Cisneros action, including Sargsyan's allegedly bribing an FBI agent. Because the Cisneros and Sargsyan actions involve different allegations, because the Court has already sentenced the sole defendant in the Cisneros action, and because the sole defendant in the Sargsyan action has already agreed to plead guilty, there is minimal risk of substantial duplication of labor in pretrial, trial, or sentencing proceedings if the Cisneros and Sargsyan actions are heard by different judges.

While there appears to be some overlap between the allegations in the Sargsyan action and the SEALED action in that both involve Sargsyan's allegedly

bribing an FBI agent, there does not appear to be any overlap between the allegations in the Cisneros and SEALED actions.  Because there is no overlap between the Cisneros and SEALED actions, and because the Court declines transfer of the Sargsyan action which appears to overlap with the SEALED action, there is no risk of substantial duplication of labor in pretrial, trial, or sentencing proceedings if the Cisneros and SEALED actions are heard by different judges.

In accordance with the foregoing, the Court respectfully **DECLINES** transfer of the cases captioned United States v. Sargsyan, No. 2:20-cr-00190 (C.D. Cal.) and United States v. SEALED, No. 2:20-cr-00193 (C.D. Cal.).